Filed 7/2/26  P. v. Colato CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B346018 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24CJCF07773) |
| v. | |
| NANCY COLATO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Judgment affirmed; remanded with directions to correct minute order.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Megan A. Donovan, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Nancy Colato (Colato) appeals from her conviction for possession of a firearm by a felon. Colato challenges the trial court's denial of her motion to suppress evidence found during a search of her purse. We affirm the judgment but remand the matter to correct errors in the April 9, 2025, minute order.

**BACKGROUND**

### I. Facts[1]

On December 18, 2024, at approximately 6:00 p.m., Los Angeles Police Department Officer Christopher Aguilar and his partner were driving and observed Colato riding a bicycle with no bike light in violation of Vehicle Code section 21201, subdivision (d). Aguilar recognized Colato from five or six previous encounters when he worked in the gang unit.

When Colato saw the officers, she gave them "a wide-eyed look," and rode away. She then dismounted from the bicycle and walked away from the officers at a moderate pace. Aguilar observed that she was carrying a purse strapped around her shoulder.

The officers conducted a pedestrian stop. As the officers got out of their vehicle, Colato dropped her bike. Colato also dropped her purse and "walked a couple of steps to the east, to her right, away from where the bag was." When the purse hit the ground,

---

[1] We draw these facts from the testimony and evidence presented at the concurrently held hearing on the motion to suppress and preliminary hearing.

Aguilar heard a "loud metallic thud" that made him believe there "was some type of weapon inside of the bag."

Aguilar picked up the purse, and Colato shouted, " 'You can't search my bag.' " The purse felt heavy to Aguilar. Aguilar "conducted a pat[-]down on the bag" and felt a "hard, L-shaped object[.]" Aguilar immediately recognized it as a firearm. Aguilar then passed the purse to his partner, who opened it and removed a loaded black semiautomatic handgun.

## II. Procedural History

The Los Angeles County District Attorney's Office filed a felony complaint charging Colato with one count of felony possession of a firearm by a felon. (Pen. Code, § 29800, subd. (a)(1).) Colato filed a motion to suppress, which the trial court heard simultaneously with the preliminary hearing.

The trial court denied the motion. The court found that "[t]he officers were entirely justified in conducting a pedestrian stop at that point in time, based upon a violation of the Vehicle Code." The court found that "dropping the bag and walking away from that location . . . demonstrated abandonment," and therefore Colato had no reasonable expectation of privacy in the bag. In the alternative, the trial court found that "the officers simply patt[ed] down something that had been discarded" and they were "entitled to conduct a further investigation" based upon what they heard and saw.

Colato pleaded no contest to the charge. This timely appeal followed.

## DISCUSSION

### I. Applicable Law

A defendant may move to suppress evidence obtained during a warrantless search on the ground that the search was unreasonable.  (Pen. Code, § 1538.5, subd. (a)(1)(A).)  Unreasonable searches and seizures are prohibited under the Fourth Amendment to the United States Constitution.  (*People v. Lopez* (2019) 8 Cal.5th 353, 359.)  "Warrantless searches 'are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.' [Citations.]"  (*Ibid.*)

One such exception is a search of abandoned property, because people have no reasonable expectation of privacy in property they abandon.  (*People v. Parson* (2008) 44 Cal.4th 332, 345.)  Whether property is abandoned is an issue of fact.  (*People v. Daggs* (2005) 133 Cal.App.4th 361, 365.)

Another exception is a *Terry* search for weapons.  (*Terry v. Ohio* (1968) 392 U.S. 1, 20.)  After a lawful stop, police officers may conduct a limited search of a suspect if they have reason to believe the suspect is armed and dangerous.  (*Id.* at p. 27.)  Although a *Terry* search does not require probable cause, it is justified only when "specific and articulable facts . . . taken together with rational inferences from those facts" warrant a suspicion that a suspect is armed and dangerous.  (*Id.* at p. 21.)  A *Terry* search must be "limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby."  (*Id.* at pp. 25–26.)

### II. Standards of Review

In ruling on a Penal Code section 1538.5 motion to suppress, the trial court "sits as a finder of fact with the power to

4

judge credibility, resolve conflicts, weigh evidence, and draw inferences[.]"  (*People v. Laiwa* (1983) 34 Cal.3d 711, 718.)  On appellate review, we "must uphold the [trial] court's express or implied findings if they are supported by substantial evidence. [Citation.]"  (*Ibid.*)  We exercise our independent judgment to determine whether the search was reasonable under the Fourth Amendment.  (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1212.)

## III.  The Search Was Reasonable and Lawful

We need not determine whether there was substantial evidence that Colato abandoned her purse.  Even if not, we find that Aguilar's pat-down of the purse was reasonable.  When Colato dropped her purse, Aguilar heard a "loud metallic thud" that sounded like "some type of weapon."  This was sufficient to justify a pat-down of the bag, especially considering that Aguilar was familiar with Colato from his work in the gang unit.

Colato argues that this was insufficient because "[a]ny time a bag or purse hits the ground it will make a sound that might be a weapon."  This is not a case in which the purse made some nondescript or "non-metallic" sound that cannot necessarily be associated with a weapon.  It was reasonable for Aguilar to suspect a weapon, because that would be the item most likely found inside a purse that would make a "loud metallic thud" when the purse was dropped.  Colato argues that "[p]erhaps it is possible to articulate why the noise a purse makes when hitting the ground plausibly sounds like there is 'some type of weapon' in it rather than an innocent object carried in purses."  However, Colato does not articulate what "innocent object carried in purses" would make that sound when the purse was dropped.

In sum, we find that Aguilar had sufficient reason to believe Colato was armed and conduct a pat-down search of the

purse. The pat-down revealed a "hard, L-shaped object" that Aguilar immediately recognized as a handgun, based upon which his partner was reasonable in opening the purse and removing it. Therefore, we find that the trial court correctly denied Colato's motion to suppress.

**IV. Correction of the April 9, 2025, Minute Order**

The parties identify several errors in the minute order of April 9, 2025. The minute order incorrectly states that Colato pleaded no contest to a violation of Health and Safety Code section 11378. In fact, Colato admitted this prior conviction, but she pleaded no contest to a violation of Penal Code section 29800, subdivision (a)(1). The minute order further states that felony probation was denied when, in fact, the trial court placed Colato on felony probation. We order the minute order to be corrected. (See *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 954.)

## DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court with directions to correct the minute order of April 9, 2025, to reflect: (1) Colato pleaded no contest to a violation of Penal Code section 29800, subdivision (a)(1); (2) Colato admitted a prior conviction for violation of Health and Safety Code section 11378; and (3) the trial court placed Colato on felony probation.

6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

GOORVITCH, J.

We concur:

CHAVEZ, Acting P. J.

GILBERT, J.*

---

*     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.